O

# United States District Court
# Central District of California

| | |
|---|---|
| LOVADA WORKMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>DEARBORN NATIONAL LIFE INSURANCE COMPANY,<br><br>    Defendant. | Case № 2:17-CV-04515-ODW (SSx)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS [14]** |

## I. INTRODUCTION

Lovada Workman brings this Complaint to recover unpaid interest on a life insurance policy (the "Policy") that was issued by Defendant Dearborn National Life Insurance Company. (*See generally* First Am. Compl. ("FAC"), ECF No. 12.) Workman alleges claims against Dearborn for: 1) breach of fiduciary duty and equitable relief under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a); and 2) unjust enrichment. (*Id.*) Workman claims that California Insurance Code § 10172.5 required Dearborn to pay interest on her ex-husband's death benefit from the date of his death, as opposed to the date she made her claim on the Policy. (*Id.*)

Dearborn moves to dismiss the FAC because: 1) ERISA preempts the application of California Insurance Code § 10172.5 and Workman's unjust enrichment claim; and 2) the Policy does not provide for the payment of interest.[1]

## II. FACTUAL BACKGROUND[2]

Workman's ex-husband, John Borum, was covered by a life insurance policy issued by Dearborn, and through his employer. (FAC ¶¶ 4–5.) Workman was the sole designated beneficiary of the life insurance coverage. (*Id.* ¶ 5.)

On May 14, 2002, Borum stopped working due to a disability, and paid his last premium payment on June 1, 2002. (*Id.* ¶ 7.) On June 30, 2002, he died. (*Id.*) Workman maintains that Borum was covered by the Policy, and paid his premiums until he died. (*Id.*)

Fourteen years later, in 2016, Workman first learned of her ex-husband's death. (*Id.* ¶ 6.) She contacted his employer regarding the life insurance coverage, and then submitted a claim to Dearborn in June 2016. (*Id.* ¶¶ 6, 14.) Dearborn denied the claim, and asserted "untimely filing and a lack of coverage due to nonpayment of premiums." (*Id.* ¶ 11.) Workman then retained counsel who wrote to Dearborn requesting a copy of the claim file, and plan documents. (*Id.* ¶ 12.)

Dearborn acknowledged receipt of the letter on February 1, 2017, but did not produce the documents. (*Id.*) On February 27, 2017, Dearborn overturned its denial without ever having received a formal appeal request from Workman's counsel. (*Id.* ¶ 13.) Dearborn paid Workman $37,179.91, which included the $37,000 policy benefit, and $179.91 in interest. (*Id.* ¶¶ 13–14.) The interest was calculated at an undisclosed rate, and beginning on June 1, 2016—the date Workman provided proof

---

[1] After considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. The Court considers Workman's Opposition despite its late filing. The parties filed a stipulation in advance of the due date, which requested to move the hearing date to accommodate counsel's observance of religious holidays. (Stip., ECF No. 15.)

[2] All factual references are allegations taken from Workman's Complaint and accepted as true for purposes of this Motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

of Borum's death. (*Id.*) Workman then appealed the decision not to provide interest from the date of Borum's death, as she claims is required by California Insurance Code § 10172.5. (*Id.* ¶¶ 15–18.) Dearborn denied Workman's appeal, so she filed this lawsuit.

### III. LEGAL STANDARD

A motion to dismiss under either Rule 12(c) or 12(b)(6) is proper where the plaintiff fails to allege a cognizable legal theory or where there is an absence of sufficient facts alleged under a cognizable legal theory. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Shroyer v. New Cingular Wireless Serv., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

### IV. DISCUSSION

#### A. ERISA Preemption

ERISA preempts "any and all State laws in so far as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a); *see also Metro. Life Ins. Co. v. Mass.*, 471 U.S. 724, 733 (1985) (discussing that § 514(a) of ERISA broadly preempts state laws that relate to an employee benefit plan). However, any state law that "regulates insurance, banking, or securities" is exempted from preemption (the "saving clause"). 29 U.S.C. § 1144(b)(2)(A).

In *Kentucky Association of Health Plans, Inc. v. Miller*, the Supreme Court explained that a state law "regulates insurance," within the meaning of ERISA's savings clause, if it: 1) is "specifically directed toward entities engaged in insurance;" and 2) "substantially affect[s] the risk pooling arrangement between the insurer and the insured." 538 U.S. 329, 341–42 (2003) (citations omitted).

Workman relies on California Insurance Code § 10172.5(a)[3], which provides:

---

[3] In her briefing, Workman refers to "§ 10172.6," which the Court construes as a typographical error, as this section does not exist, and Workman refers to § 10172.5 in her FAC. The Court also notes

3

> each insurer admitted to transact life insurance, credit life insurance, or accidental death insurance in this state that fails or refuses to pay the proceeds of, or payments under, any policy of life insurance issued by it within 30 days after the date of death of the insured shall pay interest, at a rate not less than the then current rate of interest on death proceeds left on deposit with the insurer computed from the date of the insured's death, on any moneys payable and unpaid after the expiration of the 30-day period.

Dearborn contends ERISA preempts this section, but does not specifically address whether this code section is "specifically directed toward entities engaged in insurance." *Kentucky Ass'n*, 538 U.S. at 341–42. The Court finds this statute is directed at insurance providers because it adds substantive provisions to insurance policies that might not otherwise be included in the policy. *See Standard Ins. Co. v. Morrison*, 584 F.3d 837, 842 (9th Cir. 2009) (citing *Kentucky Ass'n*, 538 U.S. at 337) ("It is well-established that a law which regulates what terms insurance companies can place in their policies regulates insurance companies."). Furthermore, it directly defines, and identifies insurers "admitted to transact life insurance, credit life insurance, or accidental death insurance…," and there is no indication it has application to other industries. Cal. Ins. Code § 10172.5(a). There can be no doubt that this statute is directed at insurers.

For the same reasons, this statute affects the risk allocated between insurer and insured. The statute requires insurers to pay interest on death benefits to the extent they "fail or refuse" to pay them within "30 days after the date of death of the insured…." *Id.* ("shall pay interest…."). Thus, it modifies the amount of the benefit paid to the insured, and changes the allocation of risk. *Id.*; *see also Franklin H. Williams Ins. Trust v. Travelers Ins. Co.*, 50 F.3d 144, 151 (2d Cir. 1995) (citing *United States Dep't of Treasury v. Fabe*, 508 U.S. 491, 502–03 (1993)) ("The date

---

that a prior version of this statute was in effect before 2004. Whether this has any effect on Workman's claim is for another day.

4

that interest accrues impacts to some degree upon a transfer of risk from the insured to the insurer, by varying the amount paid to the insured upon the occurrence of the insured event or condition.").

Dearborn relies on *Manabat v. Metropolitan Life Ins. Co.*, No. CV 12–252–RSWL (MANx), 2013 WL 1899123 (C.D. Cal. May 3, 2013), to argue that ERISA preempts the California Insurance Code in this instance. (Mot. 7, ECF No. 14.) There, on a motion for attorneys' fees, costs, and interest, the court declined to award the plaintiff prejudgment interest pursuant to California Insurance Code § 10172.5 because ERISA preempted it. *Id.* at *2. However, the court did not address the two-part test established by the Supreme Court in *Kentucky Association*. In fact, the court did not mention ERISA's savings clause at all. *See generally Manabat*, 2013 WL 1899123, at *2. Instead, it relied on general language discussing ERISA's preemptive effect on additional remedies not provided for in the legislative scheme. *See id.*

As urged by Workman, *Manabat* is not controlling, and did not adequately address whether California Insurance Code § 10172.5 falls within ERISA's savings clause. Furthermore, while decided before *Kentucky Association*, the Second Circuit held that ERISA does not preempt a state statute requiring insurers to pay interest to insureds on a death benefit from the date of the insured's death. *Franklin H. Williams Ins. Trust*, 50 F.3d at 151 (citing *Metro. Life Ins. Co.*, 471 U.S. at 151) (holding New York statute requiring interest on death benefit to be "precisely the type of statute that Congress intended to save from ERISA preemption."). The reasoning of *Franklin* is persuasive, and coincides with the Supreme Court's framework for deciding whether a state law "regulates insurance," and thus escapes preemption. *See Kentucky Ass'n*, 538 U.S. at 341–42. Accordingly, the Court **DENIES** Dearborn's Motion on preemption grounds.

As for Workman's unjust enrichment claim, Dearborn admits that the Ninth Circuit allows a district court to award prejudgment interest in ERISA cases. *Shaw v. Int'l Ass'n of Machinists and Aerospace Workers Pension Plan*, 750 F.2d 1458, 1465

(9th Cir. 1985) ("Whether interest will be awarded is a question of fairness, lying within the court's sound discretion, to be answered by balancing the equities."). Thus, while a claim for something more than prejudgment interest employing an unjust enrichment theory might be preempted, what Workman seeks here is not. For the reasons above, Workman's unjust enrichment claim is not preempted, and the Court can only balance the equities after the development of a factual record. Accordingly, the Court **DENIES** Dearborn's Motion to dismiss the unjust enrichment claim.

### B. The Policy Language

Dearborn devotes three paragraphs to argue that the Policy does not provide for interest payments, and therefore they are not recoverable, despite California Insurance Code § 10172.5. (Mot. 8–9.) Dearborn does not provide any legal authority for this proposition, and Workman does not rebut this argument in her briefing. In light of the Court's discretion to award prejudgment interest in an ERISA action, *Shaw*, 720 F.2d at 1465, the Court declines to dismiss Workman's FAC on these grounds.

### V. CONCLUSION

For the reasons discussed above, the Court **DENIES** Workman's Motion to Dismiss. After developing a factual record, the reasons for Workman's 14-year delay in discovering her ex-husband's death will hopefully be apparent. Whether those circumstances will affect any recovery, remains to be seen.

**IT IS SO ORDERED.**

February 5, 2018

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**